Steven M. Rogers (13854)
Michael R. Lofgran (10820)
Nicholas R. Russell (15018)
Huntsman | Lofgran, PLLC
623 East Fort Union Blvd., Ste. 201
Midvale, Utah 84047
(801) 838-8900 phone
(801) 617-8400 fax
kacee@huntsmanlofgran.com
Attorneys for Debtor(s)

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| In Re:<br><br>Ofelia Ortega<br>Roberto Alfonso Martinez,<br><br>Debtors. | Case No. 15-24821<br><br>Chapter 13<br><br>Judge Joel T. Marker |
|---|---|
| **DEBTORS' OBJECTION TO CLAIM NUMBER 9 BY CLAIMANT CAVALRY SPV I, LLC AS ASSIGNEE OF CAPITAL ONE BANK (USA), N.A. AND REQUEST FOR ATTORNEY FEES** ||

Debtors, by and through their attorney of record, file their objection to claim number 9 by claimant Cavalry SPV I, LLC as Assignee of Capital One Bank (USA), N.A. and Request for Attorney Fees in the above captioned case. In support of their objection they state:

1. Debtors filed this joint Chapter 13 case on May 22, 2015.

2. Debtors' Chapter 13 Plan was confirmed by this Court on September 14, 2015.

3. Cavalry SPV I, LLC as Assignee of Capital One Bank (USA), N.A. (the "Claimant") filed a proof of claim on August 14, 2015 for an unsecured debt allegedly totaling $3,423.84. Claim is filed as Claim 9 and is attached as Exhibit A.

4. The original obligation was allegedly incurred to Capital One Bank (USA), N.A., with the last transaction date occurring on October 1, 2013. *See* Proof of Claim 9.

1

5. The Account Summary incorporated with Proof of Claim 9 provides inadequate information to determine if the Debtors owe the debt alleged in the Proof of Claim.

6. Claimant alleges that the claim relates to "Credit Card" and asserts an account number. *See* Proof of Claim 9 attached as Exhibit A.

7. Under Utah Code 25-5-4 every credit agreement must be based on a signed written instrument to be enforceable. *See* UTAH CODE ANN. 25-5-4(1)(f).

8. Claimant has failed to provide the original or duplicate writing. If Claimant cannot produce the original writing, then Claimant has no right to payment under Utah state law.

9. Additionally, Debtors believe Claim 9 to be a duplicate claim. As no original statement or original account summary have been provided with the proof of claim it is impossible to determine originality of the claim.

10. Debtors assert Claimant has no right to payment on the alleged debt.

11. Claimant asserts a right to payment based on a Capital One credit card agreement. Capital One's form agreement is attached as Exhibit B.

12. Capital One's agreement allows for the collection of attorneys' fees. *See* Exhibit B pg. 6.

13. Utah law makes all contractual provisions for attorney fees reciprocal. *See* UTAH CODE ANN. 78B-5-826.

14. Utah law also directs that attorney fees should be awarded to the prevailing party even if the initial demand is based on a contract that is ultimately found to be unenforceable. *See Bilanzich v. Lonetti*, 2007 UT 26 ¶ 15, 160 P.3d 1041; *see also*

2

*Hooban v. Unicity Int'l, Inc.*, 2009 UT App 287, 220 P.3d 485.

15. Claimant has asserted a right based on an agreement that allows for the collection of attorney fees.

16. Even though this agreement is unenforceable, under Utah law, Debtors are entitled to an award of their attorney fees.

17. If Debtors prevails, Debtors should be awarded attorney fees pursuant to Utah law upon the filing of an affidavit of attorney fees.

18. Claim 9 should be disallowed, trustee should not make disbursement on such claim, and Claimant should pay Debtors for attorney fees incurred in connection with this objection.

WHEREFORE, Debtors pray this Court to SUSTAIN their Objection to Claim Number 9, disallow such claim, and award reasonable costs and attorney fees to Debtors.

DATED January 21, 2016                                              Respectfully submitted,


                                                                    /s/_____
                                                                    Steven M. Rogers
                                                                    Attorney for Debtors

**CERTIFICATE OF SERVICE – BY NOTICE OF ELECTRONIC FILING (CM/ECF)**

I hereby certify that on *January 21, 2016* I electronically filed the foregoing Debtors' Objection to Claim Number 9 by Claimant Cavalry SPV I, LLC as Assignee of Capital One Bank (USA), N.A. and Request for Attorney Fees with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users and will be served through the CM/ECF system.

Lon Jenkins     ecfmail@ch13ut.org
Steven M. Rogers     kacee@huntsmanlofgran.com     Counsel for Roberto Martinez & Ofelia Ortega
United States Trustee     USTPRegion19.SK.ECF@usdoj.gov
Mark S. x2Middlemas     ecfmaildistgroup@lundbergfirm.com     Counsel for Guild Mortgage Company

**CERTIFICATE OF SERVICE – MAIL, OTHER**

I hereby certify that on *January 21, 2016* I caused to be served a true and correct copy of the foregoing Debtors' Objection to Claim Number 9 by Claimant Cavalry SPV I, LLC as Assignee of Capital One Bank (USA), N.A. and Request for Attorney Fees as follows:

**Mail Service - By regular first class United States mail, postage fully pre-paid, addressed to:**

**Cavalry SPV I, LLC as assignee of Capital One Bank (USA), N.A.**
**c/o Bass & Associates, P.C.**
**ATTN: Tyrus Trueblood, Administrative Assistant**
3936 E Ft. Lowell Road Suite #200
Tucson, AZ 85712

**Mail Service to Entire Matrix – By regular first class United States mail, postage fully pre-paid, addressed to all parties who did not receive electronic service:**
*-NONE-*

_____/s/_____

Kacee Robinson

Paralegal